UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

Brenda Wallace,

        Plaintiffs

vs                                                                             Civil Action No. 12cv8210

Ray Kelly Commissioner, N.Y.P.D
New York City Police Dept.
The City of New York
New York City Civil Service Commission          Jury Trial Demanded
-------------------------------------------------------------------X

## COMPLAINT

1. This is an action to enforce property and civil rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4) and 2201, and related statutes. A jury trial is demanded

### PARTIES PLAINTIFFS BRENDA WALLACE

2. Plaintiff Brenda Wallace a resident of Brooklyn N.Y., is a former civil service civilian clerical police administrative aid of Defendant New York City Police Department. The termination of her employment and taking of her property right in her civil service position (NYS Civil Service law) for alleged misconduct (minor marijuana possession) was without credible evidence, and was in violation of her U.S. and New York State due process and NYS Civil Service Law rights (Sect. 75), and is the basis of this complaint and action. Plaintiff was a union member of Local 1549 DC 37 AFSCME.

3... Defendant Ray Kelly is the N.Y.C. Police Commissioner.

4. The New York City Police Department is an administrative agency of the City of New York, the Deputy Commissioner Trials (DCT) wrote the termination decision after hearing Sect. 75 NYS Civil Service Law. herein.

5. The City of New York is a municipal corporation organized pursuant to the laws of New York State and New York

6. The New York City Civil Service Commission is a New York City organized and authorized Commission that has jurisdiction to hear and decide appeals of civil service employees of the City of New York. Sec. 76 NYS Civil Service Law. Caselaw requires that it be joined as a party to this litigation

FOR A CAUSE OF ACTION: Plaintiff Brenda Wallace

. At all times herein it is alleged:

Plaintiff Brenda Wallace was terminated by defendants Feb. 3, 2010 from her official position as a civilian police administrative aid by the defendants New York City Police Department. Plaintiff was never a police officer with law enforcement duties. Her Civil Service employment was terminated by defendants without a basis in law, without true lawful valid substantive due process or preponderance of credible evidence of her alleged misconduct of possession of partially smoked marijuana cigarettes, without credible evidence, in violation of her civil rights, 42 U.S.C. 1983, and in violation of New York State Civil Service Law and the New York State constitution.

8. Plaintiff was falsely accused and found guilty of misconduct by defendants (NYPD); that plaintiff possessed marijuana at a NYPD Departmental trial.

9. The plaintiff at no time herein, or at any time, possessed marijuana or any unlawful drug or prohibited substance.

10. Plaintiff passed all NYPD drug tests of hair and urine as she did not use marijuana or any drugs, nor was there any credible evidence she ever used, possessed or sold marijuana.

11. Other persons in plaintiff's apartment may have possessed marijuana, but not plaintiff.

12. Plaintiff did not know of any and was not found guilty of any drug use, sale or possession in her 3 bedroom apartment.

13 The police entered plaintiff's apartment pursuant to a search warrant, plaintiff Brenda Wallace, her bedroom, was not mentioned in the warrant or application as a object of the search, not being alleged to having committed or being suspected of committing any crime.

14. Plaintiff was at all times an excellent civilian employee of Defendant NYC Police Dept. without prior disciplinary record.

15. Plaintiff was never convicted in any criminal court of possessing marijuana, or of any crime

16. The NYPD City of N.Y Trial Room and then the appeal to NYC Civil Service Commission refused to dismiss the charges, found her guilty, terminated her civil service employment, refused to vacate the penalty of termination of employment imposed upon Plaintiff, notwithstanding her factual and actual innocence of not smoking or possessing marijuana, and the lack of proof or credible evidence of her guilt.

17. Said respondents failed to prove her actual or constructive possession of smoked marijuana cigarettes, failed to acknowledge or prove a chain of custody of the smoked marijuana cigarettes allegedly found in her bedroom. The team searching officers were in Plaintiff's bedroom and apartment admittedly for an hour white the apartment was searched, and Plaintiff was handcuffed in the living room )p.10) NYPD at hearing refused to test the smoked marijuana cigarettes for her fingerprints or DNA to prove her

innocence herein. There was no mention of marijuana in the arrest report of Plaintiff (decision p. 9)

18 The administrative decision of the NYPD Deputy Commissioner for Trials David S. Weisel is illogical and inconsistent as it found Plaintiff not guilty of a firearm, narcotics with intent to sell, drug packaging,. scales, and items to sell drugs . the decision does not resolve the facts that if Plaintiff did not smoke sell, use marijuana upon what basis would she possess it. (p21) It ignores her excellent work record, and lack of disciplinary history.

19 The decision of said DCT unlawfully titles the Deputy Commissioner Trials as "Honorable" when he is not a judge (or Mayoral appointed Commissioner) , , and the decision refers to itself as a Court on many pages, (e.g.p11), when the NYPD "trial room" is not a court pursuant to the laws of New York City, State or of the United States. The decision makes these and other false statements and is suspect, and illogical, and without credibility so as to mandate its vacatur; it violates the NYPD rules patrol guide prohibiting "false statements…. that may result in termination" (of NYPD employees).

20. After her Jan. 2008 arrest, Plaintiff was returned to civilian NYPD police administrative work for a lengthy period of years until Jan. 2010. that the penalty of termination was so remote in time to her alleged misconduct, rendering the penalty excessive, and shocking as a matter of law, and in violation of NYS Civil Service Law. Her excellent evaluations, addendum to decision p26., "no ..disciplinary record...ratings ..well above standards, ...above standards..." are ignored in said decision.

20. a The actions of the defendants herein violated the USC section 1983 rights of due process of the Plaintiff, her NYS and US Constitutional right to be free of unlawful search and seizure in her apartment, her rights guaranteed by the United States Constitution was violated by the alleged seizure of marijuana and other items in her apartment and bedroom which were used against her to terminate her civil service employment with

defendants, NYPD and NYC., the NYPD DCT denial of suppression of the marijuana found in her bedroom without a chain of custody, in violation of the NYS and US Constitutional guarantee of protection against unlawful in house search and seizure.

21. The Defendant NYC Civil Service Commission heard and denied plaintiff's appeal of her termination without a written decision explaining or detailing the issues raised by plaintiff appeal her claim of innocence of misconduct.

22. The termination of Plaintiff violates progressive discipline, a nexus to her employment, it shocks the conscience of the Court, the NYS Appellate standard for reviewing and vacating, overturning the charges and penalty of termination herein.

23. Pursuant to N.Y.C. Civil Service Law, or the Patrol Guide of the NYPD, or the laws and rules of New York State, or the United States, Plaintiff cannot be punished herein, or held responsible for and terminated from her employment for her family members who may have possessed marijuana, or committed crimes, She was not charged with that offense (criminal association) as a basis of her NYPD termination of employment.

24. Pursuant to NYS Civil Service Law plaintiff possessed a property right in her Civil Service employment as a civilian at the NYPD.

25. Further, arguendo, that as a civilian employee of NYPD there is no nexus between the alleged possession of minute amounts of marijuana herein by plaintiff and her Civil Service employment as a clerical civilian employee (non police officer, non law enforcement duties) at NYPD.

26. The alleged "possession" amount of marijuana finding of guilt herein is a penal law violation ( DCT decision p. 24 ) so that the termination penalty is excessive, unlawful for a non criminal violation of NYS laws, recall that Plaintiff contends her absolute innocence.

27. The NYPD DCT administrative hearing finding of guilt herein by the NYPD, and the appeal to the Civil Service Commission, were decided without credible evidence, were

against the weight of credible evidence or substantial evidence, ignored her excellent work record at all times years before and years after the incident, in the later years up to hearing and termination were biased against Plaintiff as a female, black, civilian employee, mandated New York City resident, who could not lawfully or financially afford to live away from adult family members and friends who might commit crimes. Plaintiffs r due process rights were violated, with the finding of guilt and the termination of her NYPD civilian employment.

28 There is no rule of law or NYPD patrol guide rule that Plaintiff can be held to employee discipline for the misconduct or criminal actions of other adults she is not in control in her apartment. Plaintiff was not charged with by NYPD with criminal association.

29. The defendants, NYPD did not apply their personnel rules consistently in terminating Plaintiff's employment herein.

30 The Civil Service Commission recently ruled in the Natalie Wilson vs NYPD case (gun and heroin in apartment that was not hers, but was a relatives) that her termination was excessive and returned her to work at NYPD after termination.

31. The refusal to return Plaintiffs herein is illogical and inconsistent with that case. The Wilson case came after the Plaintiff cases herein, but the defendant NYPD and Civil Service Commission do not maintain a web site with their decided cases that can be researched for consistency, nor are their cases or decisions indexed or published in any manner for consistency and fairness in these disciplinary proceedings for Plaintiff civilians, nor did the Civil Service Commission cite its own cases or law as precedent herein in a detailed written decision thereby denying Plaintiff due process of law.

32. The NYPD DCT decision recommending termination cites cases not on point with the civilian Plaintiff termination for a non criminal, small amount of marijuana,:
NYPD Case 79863/04 hair samples indicated cocaine use:,

Boyd v Constantine 81 N.Y. 2nd 189 State Trooper, not a civilian employee, terminated for marijuana,

Matter of Sammis v. Rivera 194 A.D. 612 (2nd Dept. 1993) uniformed firefighter, not a NYPD civilian employee, terminated for heroin

33. Wherefore plaintiffs requests restoration of her employment to NYC NYPD, vacatur of the termination, all back pay, interest and attorney fees, damages, and to be made whole with all lawful remedies pursuant to law.

Dated New York, NY
Nov. 2, 2012

Martin Druyan, Esq. &
Associates
Attorneys For Plaintiff
450 7th Ave., Suite 704
New York, NY 10123
(212) 279-5577

Wallace md co



**New York City**

## CIVIL SERVICE COMMISSION

Nancy G. Chaffetz
Commissioner, Chair

Rudy Washington
Commissioner, Vice Chair

Matthew W. Daus
Commissioner

Charles D. McFaul
Commissioner

Alina A. Garcia
Director / General Counsel

**DATE** 12/28/11
**ITEM NO.** CD-11-97-M

### NOTICE OF CITY CIVIL SERVICE COMMISSION ACTION

Martin Druyan Esq.
450 Seventh Avenue, Suite 704
New York, New York 10123

**RE:** **APPEAL PURSUANT TO SECTION 76**
**APPELLANT:** **NATALIE WILSON**
**AGENCY/TITLE:** **NYC POLICE DEPARTMENT**
**POLICE COMMUNICATION TECHNICIAN**

Dear Counsel:

The City Civil Service Commission has taken the action indicated below in connection with the above-captioned appeal.

_____ 1. **AFFIRMED** the determination appealed from.
_____ 2. **REVERSED** the determination appealed from.
__X__ 3. **MODIFIED** the determination appealed from.
_____ 4. **REMANDED** this matter for further proceedings.
_____ 5. **DISMISSED** the appeal.
_____ 6. **OTHER:** See attached

Pursuant to Civil Service Law Section 76, the decision of the Civil Service Commission is final and conclusive. New York City Department of Environmental Protection v. New York City Civil Service Commission, 78 N.Y.2d 318 (1991).

**THE COMMISSIONERS' FINDINGS ARE ATTACHED.**

**NEW YORK CITY CIVIL SERVICE COMMISSION**

cc: Bridget Fitzpatrick, NYPD
Martin Rainbow, Esq. OATH
Natalie Wilson

One Centre Street, Room 2300 N. New York, N Y 10007. Tel. (212) 615 - 8915

THE CITY OF NEW YORK
CITY CIVIL SERVICE COMMISSION
-------------------------------------------------------------X
IN THE MATTER OF THE APPEAL OF:            :
                                            :
NATALIE WILSON                              :         DATE: 12/28/11
                                            :
                        Appellant:          :
                             -against-      :
                                            :
NYC POLICE DEPARTMENT                       :
                                            :
                        Respondent:         :
                                            :
Pursuant to Section 76 of the New York      :
State Civil Service Law                     :
-------------------------------------------------------------X

PRESENT:

NANCY G. CHAFFETZ, COMMISSIONER
CHAIR

CHARLES D. MCFAUL, COMMISSIONER


ALINA A. GARCIA
DIRECTOR / GENERAL COUNSEL


MARTIN DRUYAN, ESQ.                BRIDGET FITZPATRICK, ESQ.
REPRESENTIVE FOR APPELLANT         REPRESENTATIVE FOR RESPONDENT

APPELLANT PRESENT


## STATEMENT

On Thursday, November 3, 2011 the City Civil Service Commission heard oral argument in the appeal of **NATALIE WILSON**, Police Communication Technician, NYC Police Department (NYPD), from a determination by the NYPD, finding her guilty of charges of incompetency or misconduct and imposing a penalty of **TERMINATION** following an administrative hearing conducted pursuant to Civil Service Law Section 75.

## NEW YORK CITY CIVIL SERVICE COMMISSION

### NATALIE WILSON

**NATALIE WILSON** appeals from a determination of the New York City Police Department ("NYPD") finding her guilty of misconduct and imposing a penalty of termination following disciplinary proceedings conducted pursuant to Civil Service Law section 75. On November 3, 2011, the Civil Service Commission ("Commission") heard arguments on the appeal.

Appellant, a Police Communications Technician, was charged with: (1) on or about March 19, 2009, while off-duty inside of her residence located in Kings County, possessed a loaded firearm in violation of Patrol Guide section 203-10, p. 1, para. 5 - General Regulations and Penal Law section 265.03(3); and (2) on or about March 19, 2009, while off-duty inside of her residence located in Kings County, engaged in conduct prejudicial to the good order, efficiency or discipline of the Department in that she did knowingly and unlawfully possess a controlled substance, to wit: one glassine of heroin in violation of Patrol Guide section 203-10, p. 1, para. 5 - General Regulations.

The Assistant Deputy Commissioner of Trials ("ADC") found Appellant guilty of illegal possession of a loaded firearm and not guilty of possession of heroin, and recommended her termination. The Police Commissioner adopted the ADC's report and recommendation and dismissed Appellant from her position on July 11, 2011.

### Appellant's Position

Appellant's counsel argued that she should not have been found guilty of the gun possession charge since the gun belonged to her brother, who was temporarily staying with her. Upon discovering the gun in her home between 2:00 and 3:30 a.m., she became upset and fearful. She decided to report the gun to the police when she went to work later that morning. Counsel argued that it was unreasonable to expect Appellant to immediately bring the gun to the police or to have them respond to her home in the middle of the night. Appellant had two young children in the home and she was fearful of her brother's violent nature. Under these circumstances, her decision was justified. Appellant is not a police officer and should not be expected to know and follow the Patrol Guide provisions that govern uniformed members.

Counsel also argued that the police had no right to search the Appellant's bedroom since she was not named on the search warrant and the warrant made no reference to a weapon at the location. Appellant's brother was charged with possession of drugs and the gun. He entered a plea that covered both charges, thereby confirming that the gun was his. Although Appellant was also charged with gun possession, her case was dismissed by the court. The NYPD is punishing Appellant for the criminality of her brother. Counsel noted that Appellant is an 18-year employee with no disciplinary record and that her testimony was credited by the ADC.

### NYPD's Position

Counsel for NYPD argued that the guilty finding in this case was supported by case law and the penalty was neither shocking to the conscious nor arbitrary and capricious.

The ADC properly concluded that Appellant had constructive possession of the loaded gun.

Counsel argued that Appellant's position within the NYPD means that she is held to the same standards as everyone else. Under the Patrol Guide, she was obligated to immediately turn the gun over to the police by either calling 911 or her Integrity Control Officer. There was no excuse for her delay in doing so. Appellant knew or should have known that she had to report the gun immediately. Counsel argued that Appellant failed to mention the gun to the police officers who came to her home to execute the search warrant. It was only during her debriefing that she explained how she found the gun and hid it in her dresser drawer. Counsel argued that Appellant's misconduct was a very serious violation under the Patrol Guide and that her dismissal was an appropriate penalty.

## Analysis

The Commission has carefully reviewed the record on appeal and considered the arguments by both sides. The record indicates that the ADC found Appellant guilty of one charge, possession of a loaded gun. Appellant maintained that the gun belonged to her brother and that she was fearful of her brother because of his tendency to become violent. She testified below that she discovered the gun in a bathroom her brother used between 2:00 and 3:00 a.m. She immediately wrapped the gun in a towel and hid it in her bedroom among some clothing until she could figure out what to do with it. She decided to inform her command about the gun when she reported to work that morning. However, the police arrived at around 6:00 a.m. to execute a search warrant for drugs. Appellant maintained

that she was unaware that her brother, who was staying with her temporarily, had a gun in the house.

The ADC found Appellant guilty of the gun possession charge based on her failure to immediately inform the police that she had found it in her home. In reaching this conclusion the ADC credited Appellant's version of the facts concerning how she discovered the gun and what she did thereafter. In applying relevant court decisions illustrating when weapon possession may be deemed innocent, the ADC found that Appellant's actions did not justify a finding of innocent possession. These findings were adopted by the Police Commissioner. We hereby affirm the findings of fact made by the Police Commissioner as being supported by the facts and the law.

However, we take note of the fact that Appellant's gun possession was brief and under unusual circumstances, namely her reasonable fear of her brother's violent nature, concern for the safety of the young children in her home, and the early morning timing of her discovery and police raid. The record does not indicate that the gun belonged to Appellant or that Appellant intended to keep the gun. Instead, according to her testimony which was credited by the ADC, Appellant was aware of the gun for less than four hours and intended to inform her supervisor of its discovery when she reported to work later that morning. Her misconduct is simply that she failed to immediately report the gun to the police upon discovery.

While we concur with the analysis that Appellant's misconduct represented a breach of established rules and procedures, we disagree with the penalty imposed for the misconduct at issue here. We believe the circumstances of this case, coupled with

Appellant's 18-year tenure and lack of any prior disciplinary record, should substantially mitigate the penalty.

**Decision**

Accordingly, we hereby modify the penalty imposed on Appellant to a suspension for time served. Appellant is to be reinstated to her position within 30 days from the date of this decision.

Nancy G. Chaffetz, Commissioner
Chairwoman

Rudy Washington, Commissioner
Vice-Chairman

Matthew W. Daus, Commissioner

Charles D. McFaul, Commissioner

Date  12/28/11