UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
Brenda Wallace, Plaintiff Individually
and as Representative of a
Class of L. 1549 DC 37 Employees who have been
disciplined by NYPD, and Defendants in violation of section 1983
United States Code

                              Plaintiffs

        vs                                                Civil Action No.

Ray Kelly Commissioner, N.Y.P.D                   12 CV 8210
New York City Police Dept.                             RA   SN
The City of New York
New York City Civil Service Commission         Jury Trial Demanded
-----------------------------------------------------------------x

## AMENDED COMPLAINT

1. This is an action to enforce property and civil rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4) and 2201, and related statutes. A jury trial is demanded

                      PARTIES PLAINTIFF  BRENDA WALLACE

2. Plaintiff Brenda Wallace a resident of Brooklyn N.Y., is a former civil service civilian clerical police administrative aid of Defendant New York City Police Department. The termination of her employment and taking of her property right in her civil service position (NYS Civil Service law) for alleged misconduct (minor marijuana possession) was without credible evidence, and was in violation of her U.S. and New York State due

process and NYS Civil Service Law rights (Sect. 75), and is the basis of this complaint and action. Plaintiff was a union member of Local 1549 DC 37 AFSCME.

3... Defendant Ray Kelly is the N.Y.C. Police Commissioner.

4. The New York City Police Department is an administrative agency of the City of New York, the Deputy Commissioner Trials (DCT) wrote the termination decision after hearing Sect. 75 NYS Civil Service Law. herein.

5. The City of New York is a municipal corporation organized pursuant to the laws of New York State and New York

6. The New York City Civil Service Commission is a New York City organized and authorized Commission that has jurisdiction to hear and decide appeals of civil service employees of the City of New York. Sec . 76 NYS Civil Service Law. Caselaw requires that it be joined as a party to this litigation

7. Local 1549 District Council 37 American Federation State County Municipal Employees (L. 1549 DC 37 AFSCME) is a municipal union representing civilian employees in the New York City Police Department and in other agencies of the City of New York

7.a The following employees are civilian members of Local 1549 DC 37.

FOR A CAUSE OF ACTION: Plaintiff Brenda Wallace

At all times herein it is alleged:

Plaintiff Brenda Wallace was terminated by defendants Feb. 3, 2010 from her official position as a civilian police administrative aid by the defendants New York City Police Department. Plaintiff was never a police officer with law enforcement duties. Her Civil Service employment was terminated by defendants without a basis in law, without true lawful valid substantive due process or preponderance of credible evidence of her alleged misconduct of possession of partially smoked marijuana cigarettes, without credible

evidence, in violation of her civil rights, 42 U.S.C. 1983, and in violation of New York State Civil Service Law and the New York State constitution.

8. Plaintiff was falsely accused and found guilty of misconduct by defendants (NYPD) ; that plaintiff possessed marijuana at a NYPD Departmental trial.

9. The plaintiff at no time herein, or at any time, possessed marijuana or any unlawful drug or prohibited substance.

10. Plaintiff passed all NYPD drug tests of hair and urine as she did not use marijuana or any drugs, nor was there any credible evidence she ever used, possessed or sold marijuana.

11. Other persons in plaintiff's apartment may have possessed marijuana, but not plaintiff.

12. Plaintiff did not know of any and was not found guilty of any drug use, sale or possession in her 3 bedroom apartment.

13 The police entered plaintiff's apartment pursuant to a search warrant, plaintiff Brenda Wallace, her bedroom, was not mentioned in the warrant or application as a object of the search, not being alleged to having committed or being suspected of committing any crime.

14. Plaintiff was at all times an excellent civilian employee of Defendant NYC Police Dept. without prior disciplinary record.

15. Plaintiff was never convicted in any criminal court of possessing marijuana, or of any crime

16. The NYPD City of N.Y Trial Room and then the appeal to NYC Civil Service Commission refused to dismiss the charges, found her guilty, terminated her civil service employment, refused to vacate the penalty of termination of employment imposed upon Plaintiff, notwithstanding her factual and actual innocence of not smoking or possessing marijuana, and the lack of proof or credible evidence of her guilt.

17. Said respondents failed to prove her actual or constructive possession of smoked marijuana cigarettes, failed to acknowledge or prove a chain of custody of the smoked marijuana cigarettes allegedly found in her bedroom. The team searching officers were in Plaintiff's bedroom and apartment admittedly for an hour white the apartment was searched, and Plaintiff was handcuffed in the living room (p.10) NYPD at hearing refused to test the smoked marijuana cigarettes for her fingerprints or DNA to prove her innocence herein. There was no mention of marijuana in the arrest report of Plaintiff (decision p. 9)

18 The administrative decision of the NYPD Deputy Commissioner for Trials David S. Weisel is illogical and inconsistent as it found Plaintiff not guilty of a firearm, narcotics with intent to sell, drug packaging,. scales, and items to sell drugs . the decision does not resolve the facts that if Plaintiff did not smoke sell, use marijuana upon what basis would she possess it. (p21) It ignores her excellent work record, and lack of disciplinary history.

19 The decision of said DCT unlawfully titles the Deputy Commissioner Trials as "Honorable" when he is not a judge (or Mayoral appointed Commissioner) , , and the decision refers to itself as a Court on many pages, (e.g. p11), when the NYPD "trial room" is not a court pursuant to the laws of New York City, State or of the United States. The decision makes these and other false statements, and is suspect, and illogical, and without credibility so as to mandate its vacatur; it violates the NYPD rules patrol guide prohibiting "false statements…. that may result in termination" (of NYPD employees).

20. After her Jan. 2008 arrest, Plaintiff was returned to civilian NYPD police administrative work for a lengthy period of years until Jan. 2010. that the penalty of termination was so remote in time to her alleged misconduct, rendering the penalty excessive, and shocking as a matter of law, and in violation of NYS Civil Service Law. Her excellent evaluations,

addendum to decision p26., "no ..disciplinary record...ratings ..well above standards, ...above standards..." are ignored in said decision.

20. a The actions of the defendants herein violated the USC section 1983 rights of due process of the Plaintiff, her NYS and US Constitutional right to be free of unlawful search and seizure in her apartment, her rights guaranteed by the United States Constitution was violated by the alleged seizure of marijuana and other items in her apartment and bedroom which were used against her to terminate her civil service employment with defendants, NYPD and NYC., the NYPD DCT denial of suppression of the marijuana found in her bedroom without a chain of custody, in violation of the NYS and US Constitutional guarantee of protection against unlawful in house search and seizure.

21. The Defendant NYC Civil Service Commission heard and denied plaintiff's appeal of her termination without a written decision explaining or detailing the issues raised by plaintiff appeal her claim of innocence of misconduct.

22 . The termination of Plaintiff violates progressive discipline, a nexus to her employment, it shocks the conscience of the Court, the NYS Appellate standard for reviewing and vacating, overturning the charges and penalty of termination herein.

23. Pursuant to N.Y.C. Civil Service Law, or the Patrol Guide of the NYPD, or the laws and rules of New York State, or the United States, Plaintiff cannot be punished herein, or held responsible for and terminated from her employment for her family members who may have possessed marijuana, or committed crimes, She was not charged with that offense (criminal association) as a basis of her NYPD termination of employment.

24 Pursuant to NYS Civil Service Law plaintiff possessed a property right in her Civil Service employment as a civilian at the NYPD.

25. Further, arguendo, that as a civilian employee of NYPD there is no nexus between the alleged possession of minute amounts of marijuana herein by plaintiff and her Civil

- 14 -

Service employment as a clerical civilian employee (non police officer, non law enforcement duties) at NYPD.

26. The alleged "possession" amount of marijuana finding of guilt herein is a penal law violation ( DCT decision p. 24 ) so that the termination penalty is excessive, unlawful for a non criminal violation of NYS laws, recall that Plaintiff contends her absolute innocence.

27. The NYPD DCT administrative hearing finding of guilt herein by the NYPD, and the appeal to the Civil Service Commission, were decided without credible evidence, were against the weight of credible evidence or substantial evidence, ignored her excellent work record at all times years before and years after the incident, in the later years up to hearing and termination were biased against Plaintiff as a female, black, civilian employee, mandated New York City resident, who could not lawfully or financially afford to live away from adult family members and friends who might commit crimes. Plaintiffs due process rights were violated, with the finding of guilt and the termination of her NYPD civilian employment.

28 There is no rule of law or NYPD patrol guide rule that Plaintiff can be held to employee discipline for the misconduct or criminal actions of other adults she is not in control in her apartment. Plaintiff was not charged with by NYPD with criminal association.

29. The defendants, NYPD did not apply their personnel rules consistently in terminating Plaintiff's employment herein.

30 The Civil Service Commission recently ruled in the Natalie Wilson vs NYPD case (gun and heroin in apartment that was not hers, but was a relatives) that her termination was excessive and returned her to work at NYPD after termination.

31. The refusal to return Plaintiffs herein is illogical and inconsistent with that case. The Wilson case came after the Plaintiff cases herein, but the defendant NYPD and NYC Civil Service Commission do not maintain a web site with their decided cases that can be

researched for consistency, nor are their cases or decisions indexed or published in any manner for consistency and fairness in these disciplinary proceedings for Plaintiff civilians, nor did the Civil Service Commission cite its own cases or law as precedent herein in a detailed written decision, thereby denying Plaintiff due process of law, nor did NYC Civil Service Commission examine in any detail at all the complex arguments, her actual total innocence, the refusal of NYPD and the NYC CSC to order DNA testing of the smoked marijuana cigarette "found" in her bedroom without chain of custody, the misrepresentations of the NYPD Dep. Trial Commissioner as a "Court", all arguments advanced by Wallace and her attorney in her appeal, when NYC CSC denied her appeal.

31a. The Civil Service Commission on its notice of hearing states "the decision of the Civil Service Commission is final".

31b. Plaintiff Wallace, and other NYC Civil Service union workers cannot appeal by New York State CPLR Article 78 appeal from these decisions of the NYC Civil Service Commission. In the Deborah Green v City of New York, NYC Civil Service Commission, and Orlando Centano v City of New York, New York Civil Service Commission, the NYS Supreme Court in dismissing both appeals, noted that decisions of the NYC Civil Service Commission are deemed final, except for allegations of "exceeding their authority, illegality", or the like.

32. Further, The NYPD DCT Wallace decision recommending termination cites cases not on point with the civilian Plaintiff termination for a non criminal, small amount marijuana,:

NYPD Case 79863/04 hair samples indicated cocaine use:,

Boyd v Constantine 81 N.Y. 2nd 189 State Trooper, not a civilian employee, terminated for marijuana,

Matter of Sammis v. Rivera 194 A.D. 612 (2nd Dept. 1993) uniformed firefighter, not a NYPD civilian employee, terminated for heroin

The NYC CSC ignored these arguments of Plaintiff without writing any decision.

33. Plaintiff sues and complains herein as an individual Plaintiff.

### For A Class Action FRCP 23

34. Plaintiff also sues and complains herein as a representative of the a class of other civilian L. 1549 NYPD employees whom have been terminated or disciplined by the defendants in violation of their 42 USC Sect 1983 rights

35. That the Defendants have acted in a consistent pattern as alleged and detailed in this complaint to violate the NYS Civil Service Rights of Plaintiffs in disciplining civilian employees, in imposing penalties of suspension and termination of employment upon civilian employees of NYPD in violation of Federal Civil Rights statutes, the United States and New York State Constitutions, including but not limited to the taking of money, salary benefits, retirement rights without due process of law from class members of L. 1549 DC 37.

36. This pattern of rights violation includes: automatic 30 day pre hearing suspension upon and for any arrest, without conviction, for 30 days for each and every civilian class member, with the defendants NYPD/NYC CSC "system" of discipline refusing to return unlawful suspension salary, etc., to Plaintiffs/(NYPD respondents).

36.a , The refusal to permit civilian disciplinary cases to be filed and decided at NYC Office Administrative Trials where there are non NYPD employees Administrative Law Judges who publish decisions in an on line OATH website database which can be researched by the public, for consistency, fairness, legality, . Instead the defendants NYPD NYC CSC issue secret, non indexed, decisions that cannot be compared for consistency, fairness, etc.

36b. The Mayor appoints at his pleasure the NYC CSC members, and the NYPD Police Commissioner, the NYPD Commissioner appoints Deputy Trial Commissioners (DCT)

- 17 -

who serve at his pleasure, and can and have been dismissed for decisions favoring employees in the "semi military organization" the NYPD Commissioner wishes terminated or disciplined. The NYPD DCT's state/write that they are a "Court", that they are also "investigators who conduct the disciplinary hearings to report to the NYPD Commissioner" so that they are not impartial hearing officers, like OATH ALJs, but instead act as prosecutors hostile to Plaintiffs/respondents. So that for year, all the pre-hearing suspensions of civilian employees, there are not one ever NYPD DCT decision for the past 20 years that has resulted in a return of pre hearing suspension for unfounded allegations against the Plaintiff class, in violation of the Plaintiff rights as alleged herein.

36.c The result of this Defendants disciplinary system is one that takes Plaintiff/Class members salary, employment, money without true due process of law in violation of 42 USC 1983, in violation on the Latino Officers stipulation, without true NYS Supreme Court Article 78 appeal rights, in violation of NYS Civil Service Law 75, 76.

36.d That the Defendants have violated the stipulation and Order of this Court in Latino Officers Association of New York City 99 Civ. 9568 (LAK) in that the disparate disciplinary treatment of Plaintiff and Plaintiff class members is discriminatory as the civilian employee Plaintiff Wallace herein is a black female, and other members of the class are female, or black or latino and their rights have been violated by the disciplinary system of the defendants NYC, NYC PD, NYC CSC, see above allegations as set forth fully herein. .

37. That the Defendants have not complied with the Latino Officers stipulation in that there is no OEEO Disciplinary Review Unit, no disciplinary Advisory Committee, No Mediation Program, no "know your rights" guide to the NYPD disciplinary Process, and other violations of said stipulation, including the complaints alleged herein.

    Annette Marrero Class Action Plaintiff

39. Civilian PAA Annette Marrero was found guilty at NYPD Department trial of off duty misconduct of criminal conduct, her appeal is pending before the NYC CSC, her employment at NYPD was terminated.

40. Ms. Marrero was not convicted in any criminal court of any crime.

41. Ms. Marrero's conviction of criminal misconduct with without evidence of her criminal conduct, even if her relative was guilty of criminal conduct.

42. Like other members of the class of L. 1549 civilians herein, Ms. Marrero was terminated from her employment notwithstanding her excellent work performance.

43. Ms. Marrero's termination of employment by NYPD violated her United States due process rights, 42 USC 1983, in that there was insufficient evidence of her guilt, she is punished unlawfully for the criminal conduct of her relatives, there is no nexus between her civilian job duties and alleged criminal conduct, there was no moral turpitude alleged against her, the NYPD DCT "erroneously refers to itself as a Court, which it is not. IAB investigations refer to civilians as "officers" to falsely bolster their statistics and activities.

44. While her appeal is pending before the NYC CSC there is no are cases indexed, or website to research NYC CSC cases, or available NYPD cases. Upon information and belief all such cases are appeal dismissed by NYC CSC, as will be Marrero's, and Forbes and other pending NYPD L. 1549 DC 37 disciplinary member appeals.

45. Marrero raised issues of unlawful search and seizure of her home, as a civilian employee home in violation of her rights under the US and NYS Constitution, those issues were and are ignored by Defendants, as a pattern of their denial of her rights alleged herein.

46. Upon information and belief Marrero is charged with unlawful association with her spouse, as are other employees, during time periods prior to being married, in violation of

- 19 -

her US and NYS Constitutional rights of free association, that the defendants cannot lawfully discipline Plaintiffs/respondents for "associating" with spouses, and family members who may have committed criminal acts in the past, that the Defendants violate Court and contract agreements, upon information and belief, that recognize these rights.

### 47. THERESA BOYLAND CLASS MEMBER

48. NYPD PAA civilian Boyland was terminated from employment in Nov. 2012 for "identity theft resulting in loss of money/property to boyfriend", pursuant to criminal statute NYS Penal law. , etc.

49. There was no criminal prosecution of Boylan, by Bronx DA despite referral demand of NYPD/IAB, there was no proof of loss as Boylan repaid the credit card she obtained in abusive boyfriends name while they were living together, there was no lawful proof at hearing of credit loss or credit fees incurred by boyfriend so as to prove any financial loss to him, so that the elements of the NYS Penal Statute were unproved at NYPD hearing.

50. There was no NYPD DCT decision mitigation/acknowledgement of Boylan as a victim of boyfriends abuse and domestic violence which was reported to the NYPD and Bx. Family Court, his gross dishonesty to her in their relationship, his computer conversing with other women in her presence, his being married during their relationship, his non payment of support obligations, all mitigating her conduct, no nexus between alleged misconduct, and her civilian NYPD job, in violation of NYS and NYC Human Rights Law, no moral turpitude, she was an excellent worker, that being not guilty herein made her past years old disciplinary probation not relevant and unlawful to prove these charges herein and to terminate her employment, that her white boyfriend brother was a retired police officer who "wired" this case to IAB and resulted in her termination of employment in violation of her due process rights alleged herein, that she was singled out for IAB

controlled wiretap phone calls to have her "admit" these allegations in violation of her rights, she is denied due process as complained herein.

51.         RAQUEL FORBES CLASS ACTION MEMBER

52. Raquel Forbes a NYPD PCT was terminated for excessive absences in 2012 for absences years prior. Her status as a victim of domestic violence, with documented health issues, with medical documentation supplied to NYPD, that she was sent to NYPD medical services, that her medical evidence was rejected so she was marked AWOL, and received poor evaluations, that her defenses of illness domestic vilence, counseling, all were rejected, that upon information and belief her NYC CSC appeal will be denied, the NYC CSC was not receptive to her case, that NYPD respondents never win at NYC CSC for excessive absences, there is no data base, web site, to research cases as this.

53. That all these class members are denied NYS Unemployment benefits based upon the NYPD DCT "Court" decision that NYD Dept. of Labor deems to be an adjudication of rights "binding" NYS Dept. of Labor.

### MM Illustrative Probative Case of Systemic Rights Denial

54. Former L. 1549 member NYPD civilian excellent worker MM has stated that she does not wish to be a named Plaintiff herein. She has a US Civil Rights case pending in EDNY arising out of her apartment unlawfully searched, and her family arrested, etc. in Staten Island.

55. The facts of her case illustrate the systemic violations of Plaintiffs rights in NYPD disciplinary cases by the Defendants.

56. Det. L. obtained two warrants in her NYCHA apartment building for alleged drug dealing. Det.L. falsely stated in arrest papers he executed both warrants at the exact same time. He was charged with NYPD "lying" but was not terminated even though he submitted false statements to the Richmond DA under OATH, All persons arrested in the two apartments criminal cases were dismissed, "could not prove criminal charges". Respondent M was not mentioned at all in the warrant or affidavit, her arrest and charges were dismissed. It was alleged at NYPD DCT trial that the warrants were not lawfully obtained or executed against Ms. M. apartment, that her rights were violated, etc.

57. NYPD/DCT found her guilty of possessing drugs in her 3 bedroom apartment her NYPD employment terminated, her NYC CSC appeal denied without written detailed decision. Arguments of the repeated violations of her rights were ignored and rejected. She passed all drug tests, was an excellent worker, there was no evidence she knew or assisted in any drug activity, that there were allegations of drug activity against her ill health daughter's child's father who visited that apartment that she had no knowledge of.

NYPD should not have terminated her employment in violation of her due process and Constitutional rights.

58. The NYPD and NYC CSC refused to divulge the disciplinary details of the detectives disciplinary charges or disposition for his filing false statements with the Rich. Criminal Court, or to diminish the detectives "credibility" and the disciplinary case against respondent, in any way. His perjury went unpunished to our knowledge, her innocence was ignored and she was terminated by NYPD in a systematic violation of her due process rights al alleged herein.

Civilian Anonymous Cases Violation of

Due Process Rights

59, Other illustrative cases: XX. she, like other Plaintiffs herein is charged with "association with criminals"

60. The Defendants ignore that civilians without firearms, and because of $40,000. salaries, and former NYC residency requirements, did live in New York City where male friends and relatives may have criminal records.,

61. Plaintiffs do not have the attorneys, finances, wherewithal, are female, possible abuse victims, and are scared, fearful and intimidated by males, or even family members with criminal back rounds, so that they cannot easily, or at all, have knowledge of , evict these males with alleged criminal records, even when ordered to do so by NYPD..

62. The NYPD punishes with disciplinary charges (suspensions, terminations) the civilians with the exact same penalties as uniformed officers ( with double, triple, or more salaries, no former NYC residency requirements, ) who associate with criminals, yet the facts of alleged "criminal association" are very different for the female minority civilians who may be the victims of domestic violence, are threatened, abused scared civilians without firearms. .

63. The Defendants NYPD or NYC do not offer any assistance, eviction programs, orders of protections, attorneys etc., to assist civilians evict from their apartments, and lives these friends, or family members, that the NYPD orders there be no association with.

64. Plaintiffs request that penalties for "association with criminal allegations" be lesser than for uniformed violators, that Defendants provide attorneys and other assistance including counseling to this class of civilian employees, usually female and minority.

65. It is also requested that the Defendants cease disciplining civilians for criminal association with blood relatives and spouses, and for periods prior to marriage, as that is contrary to law, that this Court issue an order or that the parties stipulate to these new changed lawful NYPD facts and disciplinary practices.

65a. Civilian L.1549 members are charged and punished in violation of due process rights as alleged herein.

### PAA NATALIA PEAT HENDERSON

66. PAA Peat Henderson was ordered to lose 30 days vacation in violation of her rights, systematic as described herein, after DCt Trial, there is a NYC CSC pending appeal. Although factually innocent of misconduct, she the charges against her were retailiation against her for making complaints about precinct indoor smoking, or the like.

67. She was charged with not notifying a police car –RMP-to report to the scene of a blocked driveway, the log indicated that another agency (Dept. of Traffic, Dept. Sanitation?) responded. There was no proof of NYPD rule, NYPD Patrol Guide, that a police car must respond to a blocked driveway, at NYPD DCT trial a retired officer testified it was the practice that a RMP should have been dispatched. Plaintiff attorney contended that discipline and loss of money cannot be based upon "practices, folklore of the precinct" without official NYPD rules that mandated a dispatch of a RMP

68. Another charge was that Peat Hendersen was off post: she had walked two steps from her desk in response to Police Officers "arresting/beating" a crying suspect at the precinct front, she was surprised, startled, and was merely looking at the arrest/beating. No calls were unanswered, no work undone. These acts were should have been resolved by a warning, CD, command discipline.

69. Plaintiff's 30 day suspension was in violation of her 42 USC 1983 and other rights as asserted herein, she was not guilty of these charges filed against her in retaliation for her non smoking complaints, she is a black female civilian.

67. She had complained about unlawful smoking in and about the precinct, resulting in prohibition of smoking orders. Charges were then brought against her for being off post. She was then transferred from her assignment in Staten Island to Brooklyn, so that she incurs hours of additional travel time, or $20. daily tolls to work, an additional punishment that is unlawful, without due process. .

## PCT XX ILLUSTRATIVE CASES

68. PCT XX was charged and suspended for 30 days, she is not a class member. Her case illustrates the systematic denial of Plaintiffs due process rights.

69. An anonymous caller reported an altercation in an apartment. PCT XX dispatched a PD RMP that did not correctly enter its arrival at the scene on their RMP computer. They were photographed in the elevator talking on their private cell phone, laughing. They ask the PCT XX for a call back, she told them it "was anonymous". NYPD rules stated that anonymous callers would not have their identity and phone stated on NYPD radio airwaves. The NYPD officers then left for meal or home, they marked the call as unfounded. Neither the NYPD officers at the scene, or PCT XX followed up in any manner. Hours later another call to NYPD revealed a cadaver the result of a homicide in an apartment in that luxury building in Riverdale, Bronx New York.

70. At DCT trial the IAB officers admitted that the RMP police on scene violated the NYPD Patrol Guide, but for many excuses the officers were never charged, disciplined, punished, for their errors, that they failed to take police action act the scene, didn't demand a call back, didn't follow up, didn't investigate, didn't enter the RMP computer button upon their arrival at the scene.

71. In contrast, and in violation of her due process and civil service rights herein the civilian PCT XX was suspended for 30 days that she did not provide the callback, even as the on scene officers did not demand a callback in any way, that PCT XX did not as a civilian supervise these Police Officers at the scene in any way, that she as a civilian NYPD employee is subordinate status and salary to the police officers at the scene, yet only she was punished with a 30 day suspension, even though the NYPD Patrol Guide, or PCT Operators guide did not mandate her to follow up with the officers on the scene when they did not ask her to call back again, she did not have authority pursuant to the NYPD Patrol Guide/Rules to supervise the officers on the scene, remind them, as she was very very busy with other 911 PCT calls, when the police officers went to lunch immediately after their being dispatched to the call scene, having marked the call "unfounded" when hours later another RMP call discovered a homicide and cadaver.

72. This case, and other cases herein, are proof of the systemic violation of the Plaintiffs rights as alleged herein as these facts mirror and corroborate the allegations of the Plaintiffs herein as the defendant NYPD has created a discipline system that punishes innocent civilians, for the above facts the civilians have the jobs, salary, money, benefits taken from them without true lawful due process of law, in violation of 42 USC 1983.

73. PAA Peat Henderson, PCT XX, Raquel Forbes, above are cases pending before the Defendant CSC, or NYPD DCT.

75. The stipulation referred to above is Latino Officers et al .... vs The City of New York....et al is 99 Civ. 9568 LAK.

75. The allegations of fact and law herein qualify the Plaintiffs for Class Action Status and relief pursuant to Rule 23 FRCP as that statute states.

Wherefore plaintiffs requests restoration of their employment with the NYC NYPD, vacatur of their termination, return of all suspension time and monies lost, back pay, interest and attorney fees, damages, and to be made whole and determined herein, injunctive relief that Defendants cease the violations of Plaintiffs rights as alleged herein, that the disciplinary cases be adjudicated at NYC OATH, that all disciplinary decisions be published and indexed, including appeals from NYC Civil Service Commission that the Defendants comply with the Latino Officers stipulation, and all laws and rules, that the Court order an injunction prohibiting the NYPD disciplinary practices that violate Plaintiffs rights, and for such other and further relief as may ordered by this District Court.

MARTIN DRUYAN AND ASSOCIATES
Attorneys for Plaintiff
37th Floor
450 7TH Ave
NY NY 10123
212-279-5577
6866
mdruyanesq@aol.com

wallace 10-27